**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**IRONWORKERS DISTRICT COUNCIL
OF SOUTHERN OHIO & VICINITY
BENEFIT TRUST, et al.,**

      **Plaintiffs,**

**-vs-**                       **Case No. 3-:09-CV-067**

**REINFORCING SERVICES CO., LLC,**
                          **Judge Thomas M. Rose**
      **Defendant.**

---

**ENTRY AND ORDER GRANTING DEFAULT JUDGMENT AGAINST REINFORCING SERVICES CO., LLC AND TERMINATING THE CASE**

---

    This is an action brought by three employee benefit plans against an employer, Reinforcing Services Co., LLC ("Reinforcing"), to collect allegedly delinquent contributions owed to the plans. The three benefit plans are the Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust (the "Benefit Trust"), the Iron Workers District Council of Southern Ohio & Vicinity Pension Trust (the "Pension Trust") and the Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (the "Annuity Trust"). Each of the plans is governed by a Trust Agreement and the Benefit Trust, the Pension Trust and the Annuity Trust are hereinafter referred to collectively as the "Funds."

    The three Funds are benefit plans maintained pursuant to employer contributions required by collective bargaining agreements between thirteen unions and signatory employers. Therefore, the three Funds are multi-employer plans within the meaning of ERISA, 29 U.S.C. §1002(37)(A).

This Court has jurisdiction over this matter pursuant to ERISA. ERISA, 29 U.S.C. §§1132(a), 1132(e)(1), 1132(f) and 1132(g)(2) provides that the United States District Court shall have exclusive jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the provisions of ERISA or the terms of the plan or the violations of 29 U.S.C. §1145.

This action was commenced on February 20, 2009. The Complaint was served on Reinforcing and Reinforcing has not answered. Pursuant to Fed.R.Civ.P. 55(a), the Clerk entered the default of Reinforcing on July 22, 2009. (Doc. #5.) Now before the Court is the Funds' unopposed Motion for Default Judgment pursuant to Fed.R.Civ.P. 55(b). (Doc. #6.)

## FACTUAL BACKGROUND

This factual background is based upon information provided in an Affidavit executed by Peggy Gotthardt. Peggy Gotthardt is employed by the Funds and is responsible for monitoring employer contributions to the Funds. (Peggy Gotthardt Aff. 2, 3 Sept. 3, 2009.)

Reinforcing was at all times relevant an employer engaged in the building and construction industry and was primarily involved in the erection of structural steel. Reinforcing employed iron workers represented by Iron Workers Local 22, Indianapolis, Indiana, and by former Iron Workers Local 379, Lafayette, Indiana.. (Id. 21.) Pursuant to employment of these iron workers, Reinforcing was signatory to a collective bargaining agreement (the "CBA") and a Participation Agreement with Local 22. (Id. 19, 21.) Both the CBA and the Participation Agreement required Reinforcing to make employer contributions to the Benefit Trust, the Pension Trust and the Annuity Trust. (Id. 20, 22.)

The employer contributions to be made by Reinforcing were based upon the hours worked by the covered employees. (Id. 23, 25.) The contribution payments are to be made on a monthly basis. (Id.) Reinforcing is also required to submit reports showing the hours worked by covered employees. (Id.)

For the months of June 2008 through September 2008, Reinforcing reported hours worked by iron workers but failed to make an employer contribution for those reported hours to the Funds. (Id. 25, 26.) As a result of its delinquency to the Funds, Reinforcing is also liable for liquidated damages and interest for late payment. The liquidated damages and interest are provided for by specific formulas in each of the Trust Agreements for the Funds. (Id. Ex. 1, 2, 3.)

Based upon the hours worked as reported by Reinforcing, the provisions of the Trust Agreements and the CBA, Peggy Gotthardt calculated Reinforcing's delinquent employer contributions and the resulting liquidated damages and interest. (Id. 26.) Peggy Gotthardt calculated that Reinforcing owed a total of $2,507.43 to the Benefit Trust, a total of $3,173.51 to the Pension Trust and a total of $1,384.87 to the Annuity Trust. (Id. 26-29.) These totals include delinquent employer contributions, liquidated damages and interest. Also, since the liquidated damages and interest calculations are time dependent, the Court will assume that they were calculated as of September 3, 2009, the day Peggy Gotthardt's Affidavit was executed.

## ANALYSIS

The Funds now seek a default judgment against Reinforcing in the amount computed by Peggy Gotthardt as owed under the three Trust Agreements for delinquent employer contributions, liquidated damages and interest. The Funds also seek interest computed pursuant to 28 U.S.C. §1961 and the costs of this action.

The Funds seek a default judgment pursuant to Fed.R.Civ.P. 55(b) but do not specify which subsection of Rule 55(b). Rule 55(b)(1) provides that judgment by default may be entered when the claim is for a sum certain or for a sum which can by computation be made certain if the defendant has been defaulted for failure to appear and is not an infant or incompetent person. Sums certain are sums that can be calculated from the terms of a written document such as a contract or promissory note. *Dailey v. R & J Commercial Contracting*, No. C2-01-403, 2002 WL 484988 at *3 (S.D.Ohio Mar. 28, 2002). Rule 55(b)(2) provides that a court may determine what is an appropriate amount of damages that cannot simply be calculated from the terms of a written document. *Id.*

As part of the damages sought, the Funds seek interest computed pursuant to 28 U.S.C. § 1961. Section 1961 provides for interest on any money judgment in a civil case recovered in a district court. 28 U.S.C.A. § 1961(a). This interest is calculated from the date of entry of the judgment and is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar year preceding." Id. Finally, interest is computed daily to the date of payment and is compounded annually. Id.

In this case, it is undisputed that Reinforcing signed the CBA with Local 22 and Local 379 and the Participation Agreement with the Funds that obligated Reinforcing to abide by the terms of the Trust Agreements including making employer contributions pursuant to the terms of the Trust Agreements. It is also undisputed that Reinforcing has failed to make certain employer contributions and pay interest and liquidated damages as required by the Trust Agreements.

Finally, it is undisputed that the Funds are multi-employee benefit plans within the meaning of ERISA, 29 U.S.C. §1145.

> Section 1145 provides that,
>
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent and not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

The failure of Reinforcing to make the contributions required by the Trust Agreements are, therefore, a violation of Section 1145 for which the Funds now seek a remedy.

> ERISA, 29 U.S.C. §1132(g) provides a remedy as follows:
>
> (2) In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan -
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of -
>     (i)  interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>   (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C.S. §1132(g)(2).

In this case, the amount of unpaid employer contributions, interest and liquidated damages are sums certain that can be calculated from the terms of the Trust Agreements. These amounts are also due to the Funds pursuant to ERISA, 29 U.S.C. §1154 and, when unpaid as is

the case here, are recoverable as damages pursuant to ERISA, 29 U.S.C. §1132(g)(2). Therefore, upon application of the Funds, judgment is hereby entered against Reinforcing.

**Wherefore, it is Ordered, Adjudged and Decreed** that:

1. The Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust shall have and recover against the Defendant, Reinforcing Services Co., LLC, in the sum of $2,507.43, together with interest computed pursuant to Title 28 U.S.C. §1961, and that the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust shall have execution therefor; and

2. the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Pension Trust shall have and recover against the Defendant, Reinforcing Services Co., LLC, in the sum of $3,173.51, together with interest computed pursuant to Title 28 U.S.C. §1961, and that the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Pension Trust shall have execution therefor; and

3. the Plaintiff Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust shall have and recover against the Defendant, Reinforcing Services Co., LLC., in the sum of $1,384.87, together with interest computed pursuant to Title 28 U.S.C. §1961, and that Plaintiff, Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust shall have execution therefor.

This is a total judgment in favor of the Plaintiffs and against the Defendant Reinforcing Services Co., LLC, in the amount of $7,065.81 together with interest, computed pursuant to Title 28 U.S.C. §1961.

The Funds' Motion for Default Judgment includes a request for the costs of this action. Attorney Gary Moore Eby attests that he expended 18.5 hours on this matter at a cost of $110 per hour. (Affidavit of Gary Moore Eby 5-8 Sept. 4, 2009.) Therefore, the Funds have presented evidence that they are entitled to attorneys' fees in the amount of $2,035 and 28 U.S.C. § 1132(g)(2)(D) provides that they are entitled to reasonable attorneys' fees.

**Wherefore, it is further Ordered, Adjudged and Decreed** that:

The Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust shall have and recover against the Defendant, Reinforcing Services Co., LLC, in the sum of $2,035 together with interest computed pursuant to Title 28 U.S.C. §1961, and that these Plaintiffs shall have execution therefor.

No further issues remain to be adjudicated at this time. Therefore, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 20th day of November, 2009
.
s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record